Filed 10/27/14 In re P.D. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re P.D., a Person Coming Under the Juvenile Court Law. | B253169 |
| | (Los Angeles County Super. Ct. No. DK00867) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. VANESSA D., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Julie F. Blackshaw, Judge. Affirmed.

Lori A. Fields, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Tracey F. Dodds, Deputy County Counsel, for Plaintiff and Respondent.

Vanessa D. (Mother) challenges the trial court's order placing her five-year-old son P.D. (Minor) with his maternal grandmother (Grandmother). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Mother has a drinking problem that dates back more than 20 years, has a history of methamphetamine use, and has been diagnosed with anxiety and bipolar disorder. She gave birth to Minor in 2009. Although she remained sober during pregnancy and for more than a year after his birth, she has since had three relapses. In 2011, she drove while intoxicated and without properly securing Minor in his car seat; she was subsequently convicted of willful cruelty to a child, a misdemeanor. She had a second relapse in late 2012, when she picked up Minor from daycare while drunk. Her third relapse occurred in 2013, when she drank herself to unconsciousness and awoke hours later unsure of Minor's whereabouts. Minor was safe because Grandmother had picked him up from daycare.

This last incident came to the attention of the Los Angeles County Department of Children and Family Services (Department). The Department filed a petition seeking to remove Minor from Mother's custody due to her substance abuse, her mental health and emotional problems, and unresolved domestic violence issues with Minor's biological father. The trial court concluded at the detention hearing that the Department established a prima facie case for removal.

The disposition hearing was contested. The Department sought removal due to Mother's "extensive history of substance abuse" and "failed attempts at treatment and sobriety," which in its view put Minor at "very high risk" of future abuse and negligence. The Department recognized Mother's postremoval efforts to remain sober, but argued it was "too soon" to place Minor back in her care. In opposing removal, Mother took the stand and also called two of her current treatment counselors who testified to her good progress.

After hearing the evidence and argument, the court noted that Mother had made "significant progress in addressing her issues" and asked whether Mother and Minor

might live with Grandmother. The court adjourned the hearing to determine the feasibility of this potential option.

When the hearing resumed three weeks later, the court was advised that Mother and Minor could move in with Grandmother, but that Grandmother did not have room for their "personal items, clothes, furniture, etc." With Mother's still fully furnished apartment nearby, the court was "worri[ed]" that Mother would "live in her own apartment with the child" rather than at Grandmother's house. Consequently, the court no longer "fe[lt] comfortable" with that option. The court praised Mother for her "true transformation," but lacked "complete confidence" in the longevity of that transformation in light of her "multiple relapses" in the past. So rather than place Minor with Mother directly, the court opted to set up "appropriate safeguards" by placing him with Grandmother but allowing Mother unmonitored day visits with a potential for unmonitored overnight visits.

Mother appealed. (Father is not a party to this appeal.)

## DISCUSSION

### I.      Sufficiency of the Evidence

Under Welfare and Institutes Code section 361, subdivision (c)(1), a child may not be removed from his parent's custody unless a court finds, by clear and convincing evidence, that (1) there would be a "substantial danger" to the child's "health, safety, protection, or physical or emotional well-being" if the child were returned home; and (2) "no reasonable means" short of removal exists to protect the child's health. We review removal orders for substantial evidence, ignoring the clear and convincing burden of proof and giving effect to the Department's "'"'"evidence, however slight, and disregarding [Mother's] evidence, however strong.'"'"'" (*In re J.S.* (2014) 228 Cal.App.4th 1483, 1493.) The trial court's order here is supported by substantial evidence because its findings that Mother posed a substantial risk of relapse and hence a danger of neglecting Minor is grounded in her prior relapses, including a criminal act that endangered Minor.

3

Mother disputes the evidence supporting each element of Welfare and Institutions Code section 361, subdivision (c)(1). She argues that she does not pose a substantial danger to Minor, and cites (1) the trial court's praise for her progress; (2) the court's willingness to let her have unmonitored daytime visits with Minor at Grandmother's house; and (3) the decision of *In re Hailey T.* (2012) 212 Cal.App.4th 139 (*Hailey T.*), disallowing removal.

These arguments do not undermine the trial court's ruling. The court's praise for Mother's current progress was tempered by the undisputed evidence of her prior relapses. Further, the court's willingness to allow unmonitored visits for a period of hours at Grandmother's house during the day is not the same as a finding that Minor is safe with Mother 24 hours a day. Allowing the former while disallowing the latter is consistent because one is a step toward the other. *Hailey T.* is distinguishable; there, the court erroneously used a suspicious injury to one sibling to justify the removal of his sister, who suffered no abuse. (*Hailey T.*, *supra*, 212 Cal.App.4th at pp. 146-147.) Mother asserts more globally that the court's ruling is speculative, but predictive judgments by their nature entail some degree of speculation (*In re Heather A.* (1996) 52 Cal.App.4th 183, 194-195 [juvenile court need not wait for actual harm before intervening]), and the judgment here was grounded in the evidence of Mother's prior relapses.

Mother also argues that the trial court suggested a means short of removal—having Mother live with Grandmother—that precludes the court from later concluding that removal was necessary to ensure Minor's safety. We disagree. The court considered whether to have Mother move in with Grandmother, not whether to have Mother move in while maintaining a fully furnished apartment nearby. The court reasonably concluded that one posed a greater risk that Mother might revert back to living on her own than the other. This distinction is not arbitrary and is supported by the evidence. Nor does the record reflect, as Mother asserts, that the court was confused about Grandmother's willingness to have Mother and Minor move in with her.

4

Mother lastly contends that the court's ruling, because it lacked any evidentiary basis, was a smokescreen for inducing Mother to comply with her case plan. Because we conclude an evidentiary basis exists, we reject this argument.

## II.     Motion to Reopen

Mother argues that the trial court committed reversible error by refusing to reopen the evidentiary portion of the dispositional hearing, after issuing its ruling, to allow Grandmother to testify telephonically regarding the possible living arrangements. The court rejected Mother's request, noting that the evidence before it was "adequate." We review this ruling for an abuse of discretion. (*In re Mary B.* (2013) 218 Cal.App.4th 1474, 1481.) There was no dispute that Grandmother's house had no room for Mother's belongings. Because further testimony from Grandmother on that point would not have been helpful, the court acted within its discretion in declining to reopen the hearing.

### DISPOSITION

The order of the juvenile court is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                                        HOFFSTADT, J.

We concur:


       BOREN, P.J.


       CHAVEZ, J.